IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-0895-SMY |
| ) | |
| JOHN BALDWIN, ) | |
| IDOC, ) | |
| SHERRY BENTON, ) | |
| KAREN JAIMET, ) | |
| THOMAS SPILLER, ) | |
| JACQUELINE LASHBROOK, ) | |
| BETH SPILLER, ) | |
| WILSON, ) | |
| LARUE LOVE, ) | |
| CAROL A. MCBRIDE, ) | |
| CHARLES W. HECK, ) | |
| EDWARDS, ) | |
| GOLDBERG, ) | |
| MYERS, ) | |
| BRADLEY, ) | |
| FURLOW, ) | |
| FRANK, ) | |
| CLARK, ) | |
| JAMES, ) | |
| WEBB, ) | |
| D. FLATT, ) | |
| JARROD E. SELBY, ) | |
| SALOMINSKI, ) | |
| CLAY WHEELAN, ) | |
| KIMBERLY D. DEEN, ) | |
| CLIFF W. YANZANDT, ) | |
| KATHY L. MELVIN, ) | |
| B. LIND, and ) | |
| M. HARTMAN, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff William Malone, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP"), filed on August 23, 2017. (Doc. 6). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a). After reviewing the Complaint and the motion, the Court **DENIES** Plaintiff's motion to proceed IFP, and will **DISMISS** this case **with prejudice** as a sanction for Plaintiff's failure to disclose his litigation history.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula set forth in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

**Discussion**

Plaintiff claims that he is unable to pay the filing fee. However, he has failed to submit his prisoner trust fund account statement for the 6 months prior to the filing of this action, as required by 28 U.S.C. § 1915(a)(2). That said, if Plaintiff had submitted his trust fund statement, the Court would still be compelled to deny his motion.

Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In other words, a prisoner who has "struck out" by filing three or more cases that were dismissed for one of the reasons identified in § 1915(g) cannot proceed IFP unless he faces imminent danger of serious physical injury. *Id*. Here, Plaintiff has struck out and does not fall within the imminent danger exception.

Plaintiff did not use the Court's standard form in filing this lawsuit, but he is a frequent litigator and has used the Court's form in the past. As such, he is familiar with his obligation to disclose his litigation history. Nevertheless, Plaintiff does not list or describe his litigation history either in the Complaint or in his Motion to Proceed IFP. Relatedly, although Plaintiff's

3

Complaint alleges that he is being retaliated against in part for his prior lawsuits, which he claims are documented in Exhibits A through Q, none of the exhibits attached to the Complaint address any prior lawsuits. (Doc. 1-1 through Doc. 1-3).

That said, there is ample evidence that Plaintiff has in fact struck out.[2] A review of documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff has filed approximately 30 cases and has had 10 of those cases dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Malone v. Ardis*, No. 13-cv-1543 (C.D. Ill. Dec. 3, 2013); *Malone v. City of Peoria*, 13-cv-1559 (C.D. Ill. Feb. 20, 2014); *Malone v. Hill et al.*, No. 16-cv-973 (S.D. Ill. Oct. 26, 2016); *Malone v. Fritts, et al.*, No. 16-cv-200 (S.D. Ill. Nov. 7, 2016); *Malone v. Unknown Party*, No. 16-cv-974 (S.D. Ill. Nov. 8, 2016); *Malone v. Duvall*, No. 16-cv-977 (S.D. Ill. Nov. 29, 2016); *Malone v. IDOC, et al.*, No. 16-cv-978 (S.D. Ill. Dec. 8, 2016); *Malone v. Shah, et al.,* No. 16-cv-972 (S.D. Ill. Dec. 30, 2016); *Malone v. Orange Crush*, No. 16-cv-975 (S.D. Ill. Dec. 30, 2016); and *Malone v. Groves, et al.*, No. 16-cv-979 (S.D. Ill. Jan. 10, 2017). Plaintiff filed this suit on August 23, 2017. (Doc. 1). All of the above - referenced strikes were assessed prior to Plaintiff filing the instant suit on August 23, 2017. He had an obligation to disclose all of his cases and his strikes to the Court – he failed to do so. Because Plaintiff has more than 3 strikes, he is barred from proceeding IFP unless the imminent danger exception applies.

"Imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts

---

[2] The Court may take judicial notice of court documents which are public records. See, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

4

"deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger… rather, "the harm must be imminent or occurring at the time the complaint is filed." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In his Complaint, Plaintiff frequently uses the term "imminent danger," but his allegations fail to establish it. Plaintiff generally alleges that he is bringing claims for failure to protect, retaliation and violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). (Doc. 1, p. 1). In Count 1, he alleges that Defendants continually try to place him in an "illegal" 4-man cell (Plaintiff is in a wheelchair), and that when he refuses that placement out of concerns for his safety (there are inmates on Plaintiff's Keep Separate From ("KSF") list at Pinckneyville), he is punished with segregation. (Doc. 1, pp. 12-13).[3] Although Plaintiff claims that he needs protection from an unnamed gang leader who has put out a hit on him, he also acknowledges that he has made this same allegation in several past and pending lawsuits. (Doc. 1, p. 12). Allegedly, the unnamed gang leader returned to Pinckneyville on August 14, 2017, and along with inmate Julio Hernendez,[4] came to Plaintiff's cell and threatened to "get" him when he got released from segregation. (Doc. 1, pp. 12-13). Plaintiff further alleges that his grievances about this issue have gone unanswered. (Doc. 1, p. 13).

Count 2 of Plaintiff's Complaint substantially overlaps with Count 1 in that he alleges that he has repeatedly been denied protective custody at Pinckneyville from 2015-2017. (Doc. 1, pp. 13-15). Count 3 raises the same issue, although it focuses on a specific 2015 incident when

---

[3] Plaintiff made nearly identical claims regarding the 4-man ADA cells at Pinckneyville in Case No. 15-cv-1304.

[4] Plaintiff has made allegations about Julio Hernendez in other lawsuits before this Court, some of which date back to 2010.

5

Lt. Bradley personally assured Plaintiff that he would get protective custody, but failed to follow through. (Doc. 1, pp. 15-16). In Count 4, Plaintiff reiterates his claim that he should not be housed in a 4-man cell (as detailed in a July 11, 2015 grievance). (Doc. 1, p. 16).

In Count 5, Plaintiff alleges that he received a false disciplinary report in 2015 for racketeering and running a business, and that his August 20, 2015 grievance asking for the disciplinary report to be expunged should have been granted. (Doc. 1, pp. 16-17). He alleges that he filed a second grievance detailing how this incident demonstrated that he was not safe from staff and requesting to be moved to an ADA protective custody unit. (Doc. 1, p. 17).

In Count 8, Plaintiff asserts that he was attacked in 2016, allegedly for being a pedophile and a snitch. (Doc. 1, p. 19). A John Doe threatened to put him in the crisis cell, but he was taken to IA to talk to Lt. Furlow instead. *Id.* Furlow removed the inmate who attacked Plaintiff from his cell and gave Plaintiff several weeks to select his own ADA attendant. *Id.* When Plaintiff refused to do so, he was assigned a cellmate without his knowledge. He filed a grievance on the issue on July 19, 2016. *Id.* Finally, in Count 11, Plaintiff alleges that his cellmates threatened him not to rat them out for gambling and "gang banging" on January 16, 2017. *Id.*

The most relevant allegation is that Plaintiff was threatened by gang members on August 14, 2017. However, page 23 of the Complaint states, "[Plaintiff] is still in seg. Out of reach of the assaults, battery, abuse, . . . thank God I'm in seg., was warned that inmate Julio Hernendez would be waiting for me to get out of seg., with God's will that will never happen." Thus, assuming that Hernandez and the unnamed gang leader threatened Plaintiff at some point, Plaintiff acknowledges that at the time he filed the Complaint, he was kept physically separated

from them due to his placement in segregation. These allegations do not establish that Plaintiff is in "real or proximate" danger of imminent harm.

Plaintiff also alleges that others threatened him in January 2017. That allegation is too remote in time to establish that Plaintiff was in danger of imminent harm in August 2017. Additionally, Plaintiff's allegations regarding his placement in segregation suggest that those unnamed individuals are no longer Plaintiff's cellmates and thus, no longer pose any threat to him.

None of Plaintiff's other allegations – alone or in combination – establish risk of imminent harm. The failure to respond to grievances, standing alone, does not state a constitutional claim and as such, it is not a plausible allegation that Plaintiff faces imminent danger. This is particularly true when the grievance does not concern recent complaints.

Plaintiff's allegations that his personal property has been confiscated and that he has been placed in an "illegal" 4-man cell in the past also fail to establish that he was in imminent danger at the time he filed the Complaint. The Complaint is unclear as to whether Plaintiff is housed in the 4-man cell currently (he has alleged that he resides in segregation because he refuses to be placed in a 4-man cell). If he is not currently subjected to the condition, it cannot pose a threat to him.

For the foregoing reason, the Court finds that Plaintiff does not meet the imminent danger exception to the 3-strikes filing bar. Plaintiff will therefore be denied leave to proceed IFP. Additionally, Plaintiff's case shall be dismissed as a sanction for his failure to disclose his litigation history. Plaintiffs are required to disclose all prior litigation relating to their imprisonment. Plaintiff was instructed of this requirement immediately prior to the filing of this lawsuit. In Case No. 16-cv-976-MJR-SCW ("16-976"), the defendant filed a motion for

sanctions on July 7, 2017, asking the Court to either dismiss the case or revoke IFP status due to Plaintiff's failure to adequately disclose his litigation history. (16-976, Doc. 20). Plaintiff filed a response to that motion on July 26, 2017, almost a month prior to this suit. (16-976, Doc. 22).

Another defendant raised the same issue in Case No. 15-cv-1304-MJR-SCW("15-1304"). The Court granted the defendant's motion to dismiss the case for Plalintiff's failure to disclose his litigation history on August 15, 2017 – only one week before Plaintiff filed this case. (15-1304, Doc. 55). That Order specifically listed the cases that Plaintiff had omitted and found the omissions intentional. *Id*. Despite his awareness of the consequences of omitting litigation history from a Complaint and undaunted, Plaintiff once again failed to disclose his litigation history in this case. The Court finds the omission to be egregious.

A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, is grounds for immediate dismissal of the suit. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court). Given the intentional nature of Plaintiff's conduct, a lesser sanction is not appropriate in this case.

Accordingly, this action is **DISMISSED with prejudice** as a sanction for failing to disclose Plaintiff's litigation history.

**Disposition**

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 6) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **December 20, 2017**). The Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

This action is further **DISMISSED with prejudice** as a sanction for failing to disclose Plaintiff's litigation history.

It is **FURTHER ORDERED** that if Plaintiff files any future case in this Court, he **SHALL DISCLOSE** his complete litigation history in his complaint, including the fact that he has incurred ten (10) "strikes" within the meaning of 28 U.S.C. §1915(g). If Plaintiff fails to make this disclosure, any case in which his litigation history is omitted shall be subject to immediate dismissal, and Plaintiff shall continue to be liable for the full filing fee despite the dismissal.

As demonstrated by his extensive litigation history, Plaintiff has filed a number of lawsuits in this Court which have resulted in substantial unpaid filing fees. After he "struck out" in October 2016, Plaintiff filed additional lawsuits[5] in this Court (including this case) in the short space of time between August 23, 2017, and October 2, 2017. One of these cases contains a

---

[5] In addition to this case, Plaintiff filed *Malone v. Baldwin*, Case No. 17-cv-895-SMY (Aug. 23, 2017); *Malone v. IDOC*, Case No. 17-cv-952-NJR-DGW (Sept. 6, 2017); *Malone v. Wexford*, Case No. 17-cv-1062-MJR (Oct. 2, 2017); and *Malone v. Ship*, Case No. 17-cv-1064-DRH (Oct. 2, 2017). It is unclear whether Case Nos. 17-1062 and 17-1064 were intended to be a single case, or indeed whether Plaintiff intended to file them at all; the Court is awaiting his response to orders entered in those cases.

claim that the Court deemed worthy of further review based on a showing of possible imminent danger of serious physical injury. The other cases are still undergoing initial review.

A struck-out prisoner who continues to file lawsuits that fail to demonstrate an imminent danger of serious physical injury, and who is unable to pay the filing fees, runs the risk that the Court may restrict him from filing any future lawsuit until his outstanding filing fees are paid in full. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation."). Plaintiff should be mindful that a filing ban may be imposed on him if he continues to file lawsuits that fail to overcome the § 1915(g) hurdle.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

Judgement will enter and the Clerk of Court is directed to close this case. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: November 29, 2017**

                                                                     <u>s/ STACI M. YANDLE</u>
                                                                     United States District Judge